IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KELLY HALE,

    Petitioner,

v.                                                       Civil Action No. 3:07cv791

DIRECTOR OF THE DEPARTMENT OF CORRECTIONS,

    Respondent.

## MEMORANDUM OPINION

Petitioner Kelly Hale, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Claim One asserts that there was insufficient evidence to support a conviction of first degree murder. (Pet. 6.) Claim Two asserts that the Court of Appeals erred when it upheld the trial court's sentence to a term of incarceration greater than the maximum sentence set forth in the sentencing guidelines. (Pet. 7.) Claim Three asserts ineffective assistance of counsel under the Sixth Amendment.[2] (Pet. 9.)

Respondent filed a motion to dismiss and appropriate *Roseboro*[3] notice. (Docket Nos. 11, 14.) Respondent contends that Claim One lacks merit, Claim Two is purely a matter of state law,

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

and Claim Three is procedurally defaulted. Hale has responded, and the matter is ripe for adjudication. Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

## I. Procedural History

After a bench trial, the Circuit Court for the City of Suffolk ("Circuit Court") found Hale guilty of one count of first degree murder, one count of a malicious shooting into an occupied dwelling, and one count for the use of a firearm during the commission of a felony. On February 17, 2005, the Circuit Court entered final judgment and sentenced Hale to a total of seventy-three (73) years in prison with ten (10) years suspended.

Hale appealed his conviction. Hale argued that the evidence could not sufficiently support his conviction because the Commonwealth failed to prove premeditation, and that the Circuit Court improperly sentenced him above the maximum sentence pursuant to the sentencing guidelines. The Supreme Court of Virginia refused Hale's appeal on June 29, 2006.

On February 28, 2007, Hale filed a state petition for a writ of habeas corpus. In this petition, Hale raised three claims. First, he alleged that the Court of Appeals erred in upholding his conviction for first degree murder. Second, he argued that the Court of Appeals erred in finding that the Circuit Court properly sentenced him within the maximum sentence allowed by the sentencing guidelines. Third, Hale alleged ineffective assistance of counsel. The Circuit Court denied Hale's habeas petition on July 17, 2007. Hale did not appeal that decision or file a petition for writ of habeas corpus with the Supreme Court of Virginia.

On December 21, 2007, Hale timely filed the instant federal petition for writ of habeas corpus.

## II. Standard of Review

Habeas relief may be granted under 28 U.S.C. § 2254 only if state court proceedings resulted in a decision contrary to, or involving an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or if the state court based its decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Further, in reviewing the decision of a state court, the state court's determination of factual issues shall be presumed to be correct, and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. Analysis

### A. Exhaustion and Procedural Default

"In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th

Cir. 1997)). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthews*, 105 F.3d at 911 (*citing Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). Furthermore, a federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, principles of federalism and comity preclude this Court from reviewing the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Hale never presented Claim Three to the Supreme Court of Virginia either in his direct appeal or in a petition for writ of habeas corpus. If Hale were now to attempt to present this claim to the Supreme Court of Virginia, that court would find the claims barred under Section 8.01-654(A)(2) of the Virginia Code. That statute provides, in pertinent part, that "[a] habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is

later." Va. Code § 8.01-654(A)(2). This statute of limitations constitutes an adequate and independent state procedural rule. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006). The latest that Hale could have filed his third claim for relief to the Supreme Court of Virginia was June 29, 2007, one year from the final disposition of Hale's direct appeal to the Supreme Court of Virginia. Thus, Claim Three is procedurally defaulted and barred from review unless Hale demonstrates some basis for excusing his default.

Hale presents no valid factor that prevented him from complying with the state procedural rule. Claim Three will be DISMISSED.

### B. Claim One: Sufficiency of the Evidence

A federal habeas petitioner is entitled to relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (*citing Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). In order to establish premeditated murder, the Commonwealth must have proved the defendant had a reasoning process antecedent to the killing that resulted in the formation of the specific intent to kill, that a killing occurred, and that the defendant acted with malicious intent. *Archie v. Commonwealth*, 420 S.E.2d 718, 721 (Va. Ct. App. 1992).

Hale contends the evidence insufficiently showed that he acted with requisite intent to sustain a conviction for first degree murder. The Court of Appeals summarized the evidence as follows:

> [T]he evidence proved that appellant attended a social gathering at Lacy McMillan's home. Appellant's mother arrived at the gathering with Jonathan Williams. Appellant did not like his mother being with Williams and confronted his mother about Williams. Appellant and his mother argued. Williams said appellant's mother was grown and appellant should stay out of her business. Appellant said he did not know Williams, pulled out a gun, and cocked it. McMillan reminded appellant that children were present. Appellant said, "Fuck the kids." Appellant approached Williams and held the gun up to his head, and then stepped back and shot Williams in the abdomen. Williams later died from his gunshot wound.
>
> In a conversation about the offense with another inmate, appellant said he was outside getting food from the grill when he heard the gunshot that hit Williams. In a later conversation, appellant told the inmate, "I don't know why I busted that man up."
>
> At trial, appellant admitted shooting Williams, but claimed it was unintentional. According to appellant, he pulled out his gun and "clicked the hammer back" as he argued with Williams and that "the gun went off" when he clicked the safety. Appellant claimed he pulled out the gun to frighten Williams and to get him to be quiet. Appellant said he had been drinking and ingesting drugs that day, although Claudia McMillan said appellant was not drinking the hour or so before appellant's mother arrived at the social gathering. Appellant admitted lying to the police when he told them he did not shoot Williams.

*Hale v. Commonwealth*, Record No. 0522-05-1 at 1-2 (Oct. 12, 2005).

Hale asserts that he acted while "afraid, high on illegal drugs, and intoxicated from alcohol at the party," that he pulled his gun out only to scare the victim, and that he accidentally discharged the gun. (Pet. 6.) With respect to Hale's first contention, mere intoxication from drugs or alcohol does not negate premeditation. *Duncan v. Commonwealth*, 347 S.E.2d 539, 547 (Va. Ct. App. 1986). "The question is whether the facts indicate that the defendant was intoxicated to such extent that he did not know what he was doing or did not know right from

wrong." *Id.* As noted by the Court of Appeals, the record contained no credible evidence that Hale was intoxicated to the extent that he lacked knowledge about what he did. *Hale*, Record No. 0522-05-1 at 2.

With respect to Hale's argument that he did not intentionally discharge the gun because he only wanted to scare Williams, the evidence amply supports the trial court's conclusion that Hale acted with premeditation and malice. At trial, Hale testified that he confronted his mother and they "had a few words" because she arrived at the social gathering with Williams. (Trial Tr. 105:13-15.) Hale then argued with Williams, pulled out a gun, and clicked the hammer back on the gun. (Trial Tr. 105:16-19.) A witness testified that Hale pointed the barrel of the gun to Williams's head. (Trial Tr. 27:7-11.) Hale then stepped back and shot Williams. (Trial Tr. 27:12-17.)

Considered in the light most favorable to the Commonwealth, the evidence amply demonstrated that Hale acted with premeditation. Claim One will be DISMISSED.

C.   **Claim Two: Sentencing**

In Claim Two, Hale contends that the Court of Appeals of Virginia erred by upholding the trial court's sentence of a term greater than the maximum sentence set forth in the sentencing guidelines. (Pet. 7.) Hale asserts that the sentencing guidelines for his charges call for a low of twenty-four (24) years, a mid-range of thirty-two (32) years, and a high of forty (40) years. (Pet. 7.) Because the Circuit Court sentenced Hale to seventy-three (73) years, thirty-three (33) years over the high range of the guidelines, he claims that the Court of Appeals abused its discretion. (Pet. 7.)

"A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Billotti v. Legursky*, 975 F.2d 113, 119 (4th Cir. 1992) (*quoting Engle v. Isaac*, 456 U.S. 107, 119 (1982)). "Thus, questions of state law that do not implicate federal rights are not cognizable on federal habeas under § 2254." *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 483 (E.D. Va. 2005) (*citing Inge v. Procunier*, 758 F.2d 1010, 1014 (4th Cir. 1985)) (dismissing petitioner's claim that he was sentenced outside Virginia's discretionary sentencing guidelines for lack of jurisdiction to review such a claim in a federal habeas proceeding). "[U]nless a state-court decision 'implicate[s] federal constitutional rights,' basic principles of federalism preclude review as it is not the province of a federal habeas court to reexamine state-court determinations on state law questions." *Id.* (*quoting Fisher v. Angelone*, 163 F.3d 835, 854 (4th Cir. 1998)).

The "interpretation of state sentences is a question of state law."[4] *Perkins v. Peyton*, 369 F.2d 590, 591 (4th Cir. 1966). The Virginia Court of Appeals, in reviewing Claim Two, explained: "It is well settled that when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'" (Record No. 0522-05-1, *citing Valentine v. Commonwealth*, 443 S.E.2d 445, 448 (Va. Ct. App. 1994).) The maximum sentence for first degree murder is life imprisonment. Va. Code § 18.2-32. A sentence of seventy-three years falls within that statutory maximum. Thus, Hale's second claim fails to implicate a federal right and does not give rise to

---

[4] In *Perkins*, the United States Court of Appeals for the Fourth Circuit noted that in certain "extraordinary circumstances," "judicial acceptance of strained and unreasonable administrative [sentencing] determinations involves federal as well as state questions." 369 F.2d at 592. Considering Hale's claim, however, the Court cannot find that such "extraordinary circumstances" exist.

federal habeas jurisdiction. *Slavek*, 359 F. Supp. 2d at 484; *Tunstall v. Commonwealth*, No. 0725-08-2, 2009 WL 302253 (Va. Ct. App. Feb. 10, 2009) (finding no due process right to appellate or postconviction review of sentence within statutory maximum). Claim Two shall be DISMISSED.

### IV. Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss will be GRANTED. The Petition will be DISMISSED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: March 3, 2009

9